IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BETH HOLLINS, <br> on behalf of Plaintiff and a class, <br><br> Plaintiff, <br><br> vs. <br><br> CHURCH CHURCH HITTLE + ANTRIM, <br> a partnership; and ELIZABETH <br> LUCAS BARNES; <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1.   Plaintiff Beth Hollins brings this action to secure redress from unlawful credit and collection practices engaged in by Defendant Church Church Hittle + Antrim. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").  Also named as a Defendant is Elizabeth Lucas Barnes, a partner of Church Church Hittle + Antrim in its Merrillville office.

2.   The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3.   In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."  15 U.S.C. §1692(a).

4.   Because of this, courts have held that "the FDCPA's legislative intent emphasizes

1

the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

7. Plaintiff was intimidated, misled and confused by the conduct complained of herein, spent time and money dealing with such conduct, and consulted counsel as a result.

## VENUE AND JURISDICTION

8. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

9. Venue and personal jurisdiction in this District are proper because:

   a. Defendants' collection communications were received by Plaintiff within this District;

   b. Defendants do or transact business within this District and have an office here.

## PARTIES

10. Plaintiff Beth Hollins is an individual who resides in Merrillville, Indiana.

11. Defendant Church Church Hittle + Antrim is a law firm organized as a partnership. It has offices at 10765 Lantern Road, Suite 201, Fishers, IN 46038; Lincoln Tower, Suite 518, 116 East Berry Street, Fort Wayne, IN 46802; 8585 Broadway, Suite 770, Merrillville, IN 46410; Two North Ninth Street, Noblesville, IN 46060; 118 South Independence Street, Tipton, IN 46072; and 116 North Union Street, Westfield, IN 46074.

12. Church Church Hittle + Antrim is engaged in the business of using the mails and

telephone to collect consumer debts owed to others.

13. The stated practice areas of Church Church Hittle + Antrim include "Creditors' Rights."  "The Creditors' Rights practice at CCHA works to obtain the best legal solutions for our clients consistent with their financial and litigation goals. We offer a variety of legal options ranging from structuring voluntary workout resolutions to seeking legal recourse in applicable state and federal courts throughout Indiana. [¶]  Collection and Litigation  [¶]  We regularly assist our business and individual clients in pursuing remedies against borrowers, guarantors and other third-parties. We also represent lenders and financial institutions in collection, replevin, and foreclosure matters, prosecuting the client's rights and defending such actions when necessary. Whether through a direct suit on notes, contracts, guaranties or a deficiency claim subsequent to a foreclosure, we represent clients in state and federal courts to collect amounts owed. We also counsel and represent clients in obtaining court-appointed receivers to manage the collateral and investigate and pursue fraudulent transfer actions against obligors." (https://www.cchalaw.com/our-practices/creditors-rights)

14. Church Church Hittle + Antrim is a debt collector as defined in the FDCPA.

15. Many of the consumer debts it seeks to collect are health care debts.

16. Defendant Elizabeth Lucas Barnes is held out as a partner of Church Church Hittle + Antrim. (https://www.cchalaw.com/our-people)

## FACTS

17. Defendant Church Church Hittle + Antrim has been attempting to collect from Plaintiff an alleged $81.52 medical debt incurred, if at all, for personal, family or household purposes, for the care of a minor child.

18. The alleged creditor is Aberdeen Ventures d/b/a Immediate Care Center.

19. According to Odyssey, Aberdeen Ventures or Immediate Care Center have never filed suit against a patient to collect a bill, much less one as small as $81.52.

20. On or about August 19, 2019, Defendant Church Church Hittle + Antrim sent

Plaintiff the letter attached as Exhibit A under the signature of Defendant Barnes.

21. On or about August 19, 2019, Defendant Church Church Hittle + Antrim sent Plaintiff the letter attached as Exhibit B under the signature of Defendant Barnes.

22. Exhibit A is the first letter Plaintiff received from Defendant Church Church Hittle + Antrim regarding the debt described therein.

23. Exhibit B is the first letter Plaintiff received from Defendant Church Church Hittle + Antrim regarding the debt described therein.

24. On information and belief, Exhibits A and B are form letters regularly used by Defendant Church Church Hittle + Antrim as an initial demand.

25. On information and belief, Exhibits A and B are filled in with information about the particular debt and consumer.

26. On information and belief, based on its contents, Exhibit A was the first letter Defendant Church Church Hittle + Antrim sent to Plaintiff regarding the debt described therein.

27. On information and belief, based on its contents, Exhibit B was the first letter Defendant Church Church Hittle + Antrim sent to Plaintiff regarding the debt described therein.

28. Exhibits A and B repeatedly state, threaten or imply that litigation may be instituted:

  a. "[W]e may . . . take legal action against you for the collection of the above amount, plus attorney fees where authorized by contract or statute and granted by court approval, court costs, and additional accrued interest after the date of this letter as allowed by law or your contract."

  b. "[W]e may file suit against you."

  c. "Aberdeen Ventures does not wish to file suit against you. However, if you do not pay or make payment arrangements, we will proceed as necessary."

29. No litigation was in fact intended.

30. No litigation was filed.

## COUNT I – FDCPA

31. Plaintiff incorporates paragraphs 1-30.

32. Defendants violated 15 U.S.C. §§1692e, 1692e(2), 1692e(5) and 1692e(10), by threatening or implying a lawsuit would be filed without the intention to file suit.

33. Section 1692e provides:

**§ 1692e. False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(2) The false representation of—**

    **(A) the character, amount, or legal status of any debt; . . .**

**(5) The threat to take any action . . . that is not intended to be taken. . . .**

**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

## CLASS ALLEGATIONS

34. Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

35. The class consists of all individuals:

    a. To whom Defendant Church Church Hittle + Antrim sent a letter;

    b. Seeking to collect a medical or health care debt;

    c. Stating (i) "[W]e may . . . take legal action against you" for the collection of the above amount," or (ii) "[W]e may file suit against you" or (iii) "[client] does not wish to file suit against you. However, if you do not pay or make payment arrangements, we will proceed as necessary";

    d. On behalf of (i) Aberdeen Ventures d/b/a Immediate Care Center or (ii) any other entity that had not authorized the filing of suit;

    e. Which letter was sent at any time during a period beginning one year prior

to the filing of this action and ending 21 days after the filing of this action.

36. Plaintiff may alter the class definitions to conform to developments in the case and discovery.

37. On information and belief, the class is so numerous that joinder of all members is not practicable.

38. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are:

    a. Whether Defendants threaten or imply legal action without the intent to take such action.

    b. Whether such practice violates the FDCPA.

39. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

40. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

41. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.

    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and the class and against Defendants for:

    i. Statutory damages;

    ii. Attorney's fees, litigation expenses and costs of suit;

    iii. Such other and further relief as the Court deems proper.

                              */s/ Daniel A. Edelman*
                              Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
Heather A. Kolbus
Bryan G. Lesser
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:  courtecl@edcombs.com

T:\36925\Pleading\Revised Complaint_Pleading.wpd

7

## **NOTICE OF ASSIGNMENT**

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

>*/s/ Daniel A. Edelman*
>Daniel A. Edelman

## DOCUMENT PRESERVATION DEMAND

      Plaintiff hereby demands that defendants take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendants are aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendants request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendants.

      */s/ Daniel A. Edelman*
      Daniel A. Edelman