UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

BETH HOLLINS,

    Plaintiff,

    v.                                        Case No. 2:20-CV-304 JD

CHURCH CHURCH HITTLE + ANTRIM,
et al.,

    Defendants.

## OPINION AND ORDER

    Plaintiff Beth Hollins has filed an amended motion for preliminary approval of a class

settlement and preliminary certification of the class for settlement purposes. This Court denied a

prior motion seeking preliminary approval of the settlement, explaining that insufficient

information had been submitted to the Court. The Plaintiff has now provided additional

information, including an exhibit detailing the hours worked on the case by counsel.

Accordingly, the Court will preliminarily approve the settlement, preliminarily certify the class

for settlement purposes, approve the notice to class members, and set the matter for a final

approval hearing.

## A.    Factual Background

    Defendants Church Church Hittle + Antrim and Elizabeth Barnes, on behalf of creditor

Aberdeen Ventures, attempted to collect a $81.52 medical debt incurred by the Plaintiff Beth

Hollins. In attempting that collection, the Defendants sent Hollins two letters in which they

threatened or implied that litigation might be instituted against her.

    On August 18, 2020, Plaintiff Beth Hollins filed her Complaint in the instant action on

behalf of herself and on behalf of a putative class. The Complaint alleged that the Defendants

never actually intended to initiate litigation against Hollins, despite the letters' representations. Hollins brought one claim under the Fair Debt Collection Practices Act ("FDCPA"), which prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

On January 7, 2021, Plaintiff, as an individual and representative of the class, moved for preliminary approval of a class settlement and preliminary certification of a putative class for settlement purposes. (DE 31.) According to the settlement, this putative class consists of:

> (a) all individuals (b) to whom defendant Church Church Hittle + Antrim sent a letter seeking to collect a medical or healthcare debt stating (i)"[W]e may . . . take legal action against you for the collection of the above amount", or (ii) "[W]e may file suit against you" or (iii) "[client] does not wish to file suit against you. However, if you do not pay or make payment arrangements, we will proceed as necessary"; (c) on behalf of Aberdeen Ventures d/b/a Immediate Care Center, (d) which letter was sent at any time from August 18, 2019 through and including September 8, 2020.

(Class Settlement Agreement, DE 31-1 ¶ 9.) This Court then denied the motion, explaining that the Plaintiff did not provide the Court with sufficient information to determine that the settlement was fair, reasonable, and adequate. The Court's denial was largely based on Plaintiff's counsel failing to provide any "information to show its requested fees [were] reasonable under the lodestar method." (DE 35 at 13.)

Plaintiff has now filed an amended motion for preliminary approval of the class settlement and for preliminary class certification. (DE 39.) The settlement and proposed class is the same as that previously submitted, but Plaintiff now includes more exhibits and briefing in support. (Class Settlement Agreement, DE 39-1.) As relevant here, the settlement provides for relief to class members in the amount of $4,000, which will be distributed evenly among the class members who submit a claim form and do not exclude themselves from the settlement. (*Id.* ¶ 11.) The settlement separately provides for $1,000 to Beth Hollins as the Plaintiff and Class

Representative. (*Id.* ¶ 12.) Finally, the settlement provides that Plaintiff may petition the Court for approval of attorneys' fees and costs in the amount of $14,000 and that the Defendants will pay those fees as the Court finds reasonable up to $14,000. (*Id.* ¶ 13.)

Defendants have filed no objection to the amended motion for preliminary approval of the class settlement and preliminary certification of the class for settlement purposes. (DE 39.) The motion is therefore ripe for review.

## B.     Legal Standard

Federal Rule of Civil Procedure 23(e) provides that the claims of a class proposed to be certified for purposes of settlement may be settled only with the court's approval. Ultimately, the Court may approve a proposed settlement if the Court determines it is fair, reasonable, and adequate. *Kaufman v. Am. Express Travel Related Servs. Co., Inc.*, 877 F.3d 276, 283 (7th Cir. 2017). Ensuring that a settlement is fair, reasonable, and adequate helps address the concern "for the unnamed class members whose interests the named plaintiffs represent and the settlement is meant to serve." *In re Subway Footlong Sandwich Mktg. & Sales Pracs. Litig.*, 869 F.3d 551, 556 (7th Cir. 2017). This inquiry is also meant to check the "tendency of class settlements to yield benefits for stakeholders *other than* the class." *Id.*

Rule 23(e)(1) lays out certain procedures that must be followed before final approval of a settlement. First, the parties must provide the court with information sufficient to enable the court to determine whether to give notice of the proposed settlement to the class. Fed. R. Civ. P. 23(e)(1)(A). In 2018, Rule 23(e) was amended to "provide guidance to federal courts considering whether to grant preliminary approval of a class action settlement." *Nistra v. Reliance Tr. Co.*, No. 1:16-CV-04773, 2020 WL 13645290, at *1 (N.D. Ill. Mar. 12, 2020). In "deciding whether to send notice" the Court must determine whether "it likely will be able both to approve the

settlement proposal under Rule 23(e)(2) and, if it has not previously certified a class, to certify

the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(e), Committee Notes.

If the district court finds that it will likely approve the settlement and certify the class, the

court must then direct the parties to provide notice "in a reasonable manner to all class members

who would be bound" by the proposed settlement agreement. Fed. R. Civ. P. 23(e)(1). For any

Rule 23(b)(3) class proposed to be certified for purposes of a settlement under Rule 23(e), "the

court must direct to class members the best notice that is practicable under the circumstances,

including individual notice to all members who can be identified through reasonable effort." Fed.

R. Civ. P. 23(c)(2)(B). This notice requirement "is designed to guaranty that those bound by the

ruling in a class action were accorded their due process rights to notice and an opportunity to be

heard." *Chaffee v. A&P Tea Co.*, Nos. 79 C 2735 and 79 C 3625, 1991 WL 5859, at *2 (N.D. Ill.

Jan. 16, 1991).

## C.     Discussion

The Court will first consider whether the class should be preliminarily certified for the

purpose of judgment on the proposed settlement. After that, the Court will consider whether the

settlement should be preliminarily approved. If the Court determines that the class should be

preliminarily certified for the purposes of judgment on the proposed settlement and finds that the

settlement is fair, adequate, and reasonable, then the Court will direct the parties to provide

notice in a reasonable manner to all class members who would be bound and also set a date for a

final approval hearing.

### *(1) Preliminary certification of the class for purposes of judgment on the settlement*

Rule 23 of the Federal Rules of Civil Procedure governs the certification of class actions

in federal court. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 345 (2011). Rule 23(a) ensures

that the named plaintiffs are appropriate representatives of the class whose claims they wish to litigate. *Id.* at 349. Rule 23(a)'s four requirements—numerosity, commonality, typicality, and adequacy—effectively limit the class claims to those fairly encompassed by the named plaintiff's claims. *Id*. (citations and internal quotations omitted).

If all these prerequisites are met, a court must also find that at least one of the subsections of Rule 23(b) is satisfied. In this case, Plaintiff seeks class certification under Rule 23(b)(3). "When certification is sought under Rule 23(b)(3) . . . proponents of the class must also show: (1) that the questions of law or fact common to the members of the proposed class predominate over questions affecting only individual class members; and (2) that a class action is superior to other available methods of resolving the controversy." *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 811 (7th Cir. 2012). The Court will examine each of these requirements in turn.

### (a) Numerosity

The first requirement under Rule 23(a) is that the purported class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). To be impracticable, joinder need not be impossible, but instead must be shown to be inconvenient and difficult. *Copeland v. Wabash Cnty., Indiana*, 338 F.R.D. 595, 601 (N.D. Ind. 2021). When determining whether joinder of all class members is impracticable, the court may consider many factors, including: the class size; judicial economy arising from the avoidance of a multiplicity of actions; the ease of identification of members of the proposed class; the geographic dispersion of class members; the inconvenience of trying individual suits; the nature of the action; the size of each plaintiff's claim; the financial resources of the class members; requests for prospective injunctive relief which would involve future class members; and any other factors relevant to the practicability of

joining all the class members. *Olson v. Brown*, 284 F.R.D. 398, 407 (N.D. Ind. 2012). "While there is no magic number that applies to every case, a forty–member class is often regarded as sufficient to meet the numerosity requirement." *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 859 (7th Cir. 2017).

The Court finds that the numerosity requirement has been met. Plaintiff's counsel represents that the proposed class consists of around 1,710 individuals. (DE 39 at 21.) Joinder of so many individuals would be impracticable, if not impossible. Management and administration would be rendered extremely cumbersome and difficult, requiring service of separate notice and pleadings and entry of a separate order as to each joinder. Joinder would tend to result in multiplicity and a waste of judicial resources, factors which Rule 23 seeks to prevent. Accordingly, the numerosity requirement has been met.

### (b) Commonality

The second requirement under Rule 23(a) is the need to have "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). "Concerning the commonality requirement, claims of individual class members may arise from a 'common nucleus of operative fact,' which is usually satisfied where the defendant engaged in standardized conduct towards members of the proposed class." *Olson*, 284 F.R.D. at 410 (quoting *Keele v. Wexler,* 149 F.3d 589, 594 (7th Cir. 1998)). And "[w]here the same conduct or practice by the same defendant gives rise to the same kind of claims from all class members, there is a common question." *Suchanek v. Sturm Foods, Inc.*, 764 F.3d 750, 756 (7th Cir. 2014). "That common contention, moreover, must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart*, 564 U.S. at 350.

The commonality requirement is satisfied because the putative class members' claims arise from the same conduct or practice of the Defendants. As to each of the class members, the Defendants are alleged to have sent letters seeking to collect a medical or healthcare debt which threatened or implied legal action. The class members claims depend on the answer to the same question: whether the threat of legal action was a misrepresentation in violation of the FDCPA. Given that this question is central to each class members' claim under the FDCPA, the parties have satisfied the element of commonality.

### (c) Typicality

The third requirement under Rule 23(a) is the need to show that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Typicality is closely related to the proceeding question of commonality. *Copeland*, 338 F.R.D. at 604. The typicality requirement "is meant to ensure that the named representative's claims have the same essential characteristics as the claims of the class at large." *Howard v. Cook Cty. Sheriff's Off.*, 989 F.3d 587, 605 (7th Cir. 2021) (internal quotations and citation omitted). A claim is typical if it "arises from the same event or practice or course of conduct that gives rise to the claims of other class members and . . . are based on the same legal theory." *Arreola v. Godinez*, 546 F.3d 788, 798 (7th Cir. 2008). Some factual variations may not defeat typicality, rather, the requirement is meant to ensure that the named representative's claims have the same essential characteristics as the claims of the class at large. *Id.*

The Court is satisfied that Plaintiff has raised a claim under the FDCPA which is typical of the class's claims. Plaintiff's claim, like that of all class members, is based on Defendant Church Church Hittle + Antrim sending them letters "seeking to collect a medical or healthcare debt stating (i) '[W]e may . . . take legal action against you for the collection of the above

amount,' or (ii) '[W]e may file suit against you' or (iii) '[client] does not wish to file suit against you. However, if you do not pay or make payment arrangements, we will proceed as necessary.'" Given that Plaintiff's claim and the class members claims all arise from this conduct, Plaintiff's claim is typical of those of her potential fellow class members, and the typicality requirement has been satisfied.

### (d) Adequacy of Representation

The fourth and final requirement of Rule 23(a) is that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Adequacy of representation includes two parts: "the adequacy of the named plaintiff's counsel, and the adequacy of representation provided in protecting the different, separate, and distinct interest" of the class members. *Retired Chicago Police Ass'n v. City of Chi.*, 7 F.3d 584, 598 (7th Cir. 1993). "A class is not fairly and adequately represented if class members have antagonistic or conflicting claims." *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). Also, counsel for the named plaintiffs must be experienced and qualified and generally be able to conduct the litigation. *See Eggleston v. Chi. Journeymen Plumbers' Loc. Union No. 130*, 657 F.2d 890, 896 (7th Cir. 1981).

The Court concludes that from all appearances Hollins will fairly and adequately represent the class because she has a common interest in the success of the litigation. To the extent that Hollins stands to recover additional monies based on her individual claims, this is fully disclosed in the notice of settlement and these claims do not create a conflict between Hollins' interests and those of the class. Moreover, the proposed Class Counsel— Edelman, Combs, Latturner & Goodwin, LLC — represents they are experienced in prosecuting class actions and has attempted to obtain the most favorable benefits possible for all members of the

Proposed Class. (Qualifications of Attorneys, Exhibit 1, DE 40-1.) The Court believes that the class representative and proposed Class Counsel will protect the due process rights of class members whose rights will be adjudicated despite their absence.

The Plaintiff has therefore met the adequacy requirement and satisfied all of the Rule 23(a) requirements for class certification.

### (e) Rule 23(b)(3)

In addition to meeting class certification requirements under Rule 23(a), the proposed class must satisfy the requirements of one of the three subsections of Rule 23(b). Plaintiff seeks to satisfy Rule 23(b)(3). The United States Supreme Court has explained that the "predominance" and "superiority" requirements of Rule 23(b)(3) limit class certification to cases in which "a class action would achieve economies of time, effort, and expense, and promote . . . uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 615 (1997) (citation omitted). "Predominance" tests the "legal or factual questions that qualify each class member's case as a genuine controversy" and is similar to Rule 23(a)(3)'s requirement of typicality. *Id.* at 623. Relative to superiority, in assessing whether the requirement has been met, courts should consider:

(A)  the class members' interests in individually controlling the prosecution or defense of separate actions;

(B)  the extent and nature of any litigation concerning the controversy already begun by or against class members;

(C)  the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

(D)  the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3).

Here, the predominant question common to the proposed class members is whether the letters sent by the Defendants threatened or implied legal action without the intent to take such action. Resolution of each class member's claim will hinge on the same operative facts relative to the Defendants conduct. The significant and common issue of whether the threat of legal action was a false representation outweighs any individualized damages issues, and the Court finds that the Proposed Class is cohesive enough to warrant adjudication by representation. *See Messner*, 669 F.3d at 815 (citations omitted) ("It is well established that the presence of individualized questions regarding damages does not prevent certification under Rule 23(b)(3).").

A class action is also superior to pursuing these claims individually. It is doubtful that many individual claims would be pursued in light of the expense of litigation and the statutory cap on damages under the FDCPA, which reduces the incentive to litigate individual claims. *Jackson v. Nat'l Action Fin. Servs., Inc.*, 227 F.R.D. 284, 290 (N.D. Ill. 2005) ("The FDCPA affords recovery of up to $1,000 in statutory damages for individual plaintiffs; as such, the potential recovery here is not likely to provide sufficient incentive for members of the proposed class to bring their own claims."); *Foley v. Student Assistance Corp.*, 336 F.R.D. 445, 451 (E.D. Wis. 2020) ("[L]ike many FDCPA cases, a class action is superior to individual litigation for reasons of judicial economy and the small-stakes nature of the claims at issue."). In addition, there is no indication that other litigation is already pending concerning the controversy, nor is there any indication that resolution of these claims in this Court is undesirable. Further, no facts indicate that there will be any difficulty managing this class action, especially in light of already identified class members and the pending settlement. The personal notice and opt-out requirements of Rule 23(b)(3) will also protect the interests of those who will qualify as class

members. Accordingly, resolution of the claims asserted in Hollins' complaint through a class action would be superior to other available methods of pursuing these claims.

Because the parties have shown that certification is likely appropriate under Fed. R. Civ. P. 23(a) and (b)(3), the Court finds that this case should be preliminarily certified as a class action for the purposes of settlement. The class preliminarily certified consists of:

> (a) all individuals (b) to whom defendant Church Church Hittle + Antrim sent a letter seeking to collect a medical or healthcare debt stating (i) "[W]e may . . . take legal action 3 against you for the collection of the above amount", or (ii) "[W]e may file suit against you" or (iii) "[client] does not wish to file suit against you. However, if you do not pay or make payment arrangements, we will proceed as necessary"; (c) on behalf of Aberdeen Ventures d/b/a Immediate Care Center, (d) which letter was sent at any time from August 18, 2019 through and including September 8, 2020.

Rule 23 requires that a court certifying a class also appoint class counsel. Fed. R. Civ. P. 23(c)(1)(B), (g). Class counsel must fairly and adequately represent the interests of the class. Fed. R. Civ. P. 23(a)(4). In appointing class counsel, the court must consider the following: "the work counsel has done in identifying or investigating potential claims in the action; counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; counsel's knowledge of the applicable law; and the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). The court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

The firm of Edelman, Combs, Latturner & Goodwin, LLC, has put extensive work into reviewing and investigating the potential claims. Counsel has experience in handling class action litigation and has demonstrated knowledge of the FDCPA. Counsel also has competently represented the class in coming to the proposed settlement. Accordingly, the Court finds that

Edelman, Combs, Latturner & Goodwin, LLC, will fairly and adequately represent the interests of the class, and thus appoints the firm as Class Counsel for settlement purposes only.

### (2) Preliminary Approval of Class Action Settlement

When considering whether preliminary approval of a class action settlement should be granted, the Court must consider: (1) the strength of the plaintiffs' case on the merits compared to the amount of the defendants' settlement offer, (2) an assessment of the likely complexity, length and expense of the litigation, (3) an evaluation of the amount of opposition to the settlement among affected parties, (4) the opinion of competent counsel, and (5) the stage of the proceedings and the amount of discovery completed at the time of settlement. *Wong v. Accretive Health, Inc*., 773 F.3d 859, 863 (7th Cir. 2014); *Synfuel Techs., Inc. v. DHL Express (USA), Inc*., 463 F.3d 646, 653 (7th Cir. 2006).

 "The most important factor relevant to the fairness of a class action settlement is the strength of plaintiff's case on the merits balanced against the amount offered in the settlement." *Wong*, 773 F.3d at 864 (quotation marks and citations omitted). When analyzing the strength of a plaintiff's case, the Court "should 'estimat[e] the range of possible outcomes and ascrib[e] a probability to each point in the range.'" *Synfuel Techs.*, 463 F.3d at 653 (quoting *Reynolds v. Beneficial Nat. Bank*, 288 F.3d 277, 285 (7th Cir. 2002)). While "'a high degree of precision cannot be expected in valuing a litigation,' the court should nevertheless 'insist that the parties present evidence that would enable possible outcomes to be estimated,' so that the court can at least come up with a 'ballpark valuation.'" *Id.* at 653 (quoting *Reynolds,* 288 F.3d at 285). Ultimately, the Court should quantify "'the net expected value of continued litigation to the class.'" *Id.* (quoting *Reynolds,* 288 F.3d at 284–85).

As to the first factor, the amount offered supports the settlement being fair, reasonable, and adequate. The Plaintiff's case does appear somewhat strong. A debt collector threatening legal action which it has no intention to pursue is clearly conduct prohibited by the FDCPA. *Cuenca v. Harris & Harris, Ltd*., No. 16-CV-05385, 2017 WL 1196922, at *2 (N.D. Ill. Mar. 31, 2017) ("[A] statement that implies a debt holder will take an action it has no intention of taking violates the FDCPA."); *see Jenkins v. Union Corp*., 999 F. Supp. 1120, 1136 (N.D. Ill. 1998) ("The FDCPA [in section 1692e(5) is] aimed at preventing empty threats of litigation as a means of scaring the debtor into payment."). The letters sent to Hollins included threats of litigation, such as "unless you send payment in full as indicated above or make appropriate arrangements to pay this debt in a timely fashion . . . we may file suit against you." (Exhibit A, DE 1-1.) Given the small debt owed by Hollins, $81.52, it also seems somewhat likely that that Church Church Hill + Antrim did not intend to file suit against her.

However, even though the case may be somewhat strong, the Defendants' limited financial resources weigh in favor of the settlement being fair, reasonable, and adequate. Plaintiff's counsel represents that, after obtaining "detailed financial information from Defendants, including various financial statements, balance statements, and insurance coverage documents," it was revealed that the Defendants' had a limited net worth and that "[f]urther protracted litigation might risk any recovery at all for the class and thus, it was in the best interest of the class to explore an early resolution." (DE 39 at 8.) Plaintiff's counsel represents that, given the limited financial means of the defendants, the amount offered to the class in the settlement is fair and reasonable.

The Court agrees. Under the FDCPA, in the case of a class action, the class may recover an amount "not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt

collector[.]" 15 U.S.C. § 1692k(a)(2)(B). Plaintiff's counsel represents that one percent of the Defendants' cumulative net worth is $4,270.15. (DE 39 at 11.) The Class Recovery of $4,000 is therefore around 94% of the maximum recovery for the class.  Continued litigation brings inherent risk and certain expense, even in a case that appears strong at the outset. The proposed settlement would alleviate that risk and expense, while also providing the class with an amount close to the statutory maximum allowed. Accordingly, the Court finds that the $4,000 settlement amount, when weighed against the strength of the Plaintiff's case and the defendants' limited financial resources, supports finding that the settlement is fair, reasonable, and adequate.

Plaintiff's counsel have also now convinced the Court that the proposed award of attorneys' fees of $14,000 is fair. In its prior order, the Court was concerned with whether the attorneys' fees were being ordered pursuant to equitable principles based on the settlement resulting in a common fund or were being ordered pursuant to the FDCPA's fee-shifting statute. However, the lodestar method is permissible in both common fund cases and fee-shifting cases. *In re Stericycle Sec. Litig.*, 35 F.4th 555, 560 n.2 (7th Cir. 2022) (In a common fund case, when determining the reasonableness of proposed attorneys' fees, "a district court may choose either the percentage method or the lodestar method."); *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) ("In a statutory fee-shifting case, the court determines a reasonable amount of attorneys' fees by applying the lodestar method.").

Previously, the Court explained that Plaintiff's counsel did not submit any timesheet to allow the Court to calculate the lodestar. The Court also explained that, under the percentage method,[1] the attorneys took an "extraordinary 74% fee." (DE 35 at 10.) Because Plaintiff's

---

[1] Under the percentage method, "[t]he ratio that is relevant to assessing the reasonableness of the attorneys' fee that the parties agreed to is the ratio of (1) the fee to (2) the fee plus what the class members received." *Redman v. Radioshack Corp.*, 768 F.3d 622, 630 (7th Cir. 2014). The Court calculated the percentage of 74% by taking the fee

"counsel fail[ed] to provide any information to show its requested fees are reasonable under the lodestar method," the Court explained that it could not find that the award of attorneys' fees was reasonable. (*Id.* at 13.)

Plaintiff's counsel now includes the necessary information to calculate the lodestar. Under the lodestar method, the court multiplies the reasonable number of hours worked by the reasonable hourly rate of counsel to produce what is called the "lodestar." *Harman v. Lyphomed, Inc.*, 945 F.2d 969, 974 (7th Cir. 1991). The lodestar then may be multiplied to compensate the attorney for the "size [of] the risk the attorney assumed at the outset by taking this type of case." *Id.* Counting solely the attorney time, counsel worked 63.7 hours on the case. (Exhibit G, DE 40-1.) Counsel is requesting attorney's fees in an amount of $14,000.00. Accordingly, based solely on attorney time, Plaintiff's counsel are seeking an hourly rate of $219.78. Given the risk assumed, and the experience of the counsel involved, the Court believes that this amount is reasonable and is comparable to awards in other FDCPA cases. *See Collins v. Bowman, Heintz, Boscia & Vician P.C.*, No. 1:10–cv–1629–JMS–TAB, 2012 WL 1142442, at *3 (S.D. Ind. Mar. 8, 2012) (recommending award of $300/hour in FDCPA case in which defendant did not object to it), *report and recommendation adopted,* 2012 WL 1142560 (S.D. Ind. Apr. 4, 2012); *Staples v. Parkview Hosp., Inc.*, No. 1:07–CV–327, 2010 WL 780204 (N.D. Ind. Mar. 3, 2010) (finding a rate of $225/hour "well within the range of hourly rates listed in dozens of attorney fee applications this court has reviewed in recent years"); *Needham v. Innerpac, Inc.*, No. 1:04 CV 393, 2008 WL 5411638, at *4 (N.D. Ind. Dec. 24, 2008) (awarding attorney fees at rates of $240, $250, and $300/hour where the defendant did not challenge the "proposed rates as the prevailing market rates in the Fort Wayne area").

---

to the attorneys, $14,000, and dividing it by $19,000, which is the fee plus what the class members received ($14,000 fee + $4,000 to the class + $1,000 to the class representative).

Accordingly, based on the settlement amount and the lodestar, the Court finds that the amount of the settlement supports finding the settlement to be fair, reasonable, and adequate.

The Court also finds that continued litigation would likely be lengthy, complex, and expensive. Plaintiff's counsel, Heather Kolbus, represents that she "strongly believes in the strength of the claims asserted [and that] if this litigation were to continue, it would be lengthy, expensive and involve extensive motion practice, including a motion for class certification (and possibly a motion for decertification), motions for summary judgment and various pretrial motions, as well as the retention of experts, preparation of expert reports, and expert depositions." (DE 39 at 14.) Furthermore, counsel points out that even if the Settlement Class recovered a judgment at trial in excess of what is provided for in the settlement, "post-trial motions and any appellate process would deprive them of any recovery for years, and possibly forever in the event of a reversal." (*Id.*) Plaintiff's counsel also submitted a timesheet and list of expenses, totaling over $32,000. (Exhibit G, DE 40-1.) These expenses would no doubt grow even larger if this litigation were to continue. Given that continued litigation would likely be lengthy and costly, this too supports finding the settlement to be fair, reasonable, and adequate.

Other factors also favor a preliminary finding that the settlement is fair, reasonable, and adequate. Class counsel is experienced in consumer class action litigation and represents that this is a "great result for the class" and "strongly endorses th[e] settlement." (DE 39 at 15.) Furthermore, given the statutory ceiling on the amount of fees, it is unlikely that further litigation will result in a better recovery for the class.

The settlement amount, the complexity of the case, the cost of further litigation, class counsel's opinion, and the unlikelihood that further litigation will result in a better outcome for

the class, all support a finding that the settlement is fair, reasonable, and adequate. Accordingly, the Court preliminarily approves the settlement agreement.

## D.   Conclusion

The Court, having reviewed the proposed settlement and other submissions of the parties, HEREBY ORDERS, under Rule 23(e) of the Federal Rules of Civil Procedure, that:

1.   The representations, terms, and conditions of the parties' Proposed Settlement Agreement (Appendix A, DE 39-1) are fair, reasonable, and adequate. Accordingly, the Court preliminarily approves the settlement agreement, pending the Final Approval Hearing.

2.   As previously stated, for purposes of the Proposed Settlement only, the Court preliminarily certifies the following class ("Settlement Class"), under Federal Rule of Civil Procedure 23(b)(3):

> The class consists of (a) all individuals (b) to whom defendant Church Church Hittle + Antrim sent a letter seeking to collect a medical or healthcare debt stating (i)"[W]e may . . . take legal action against you for the collection of the above amount", or (ii) "[W]e may file suit against you" or (iii) "[client] does not wish to file suit against you. However, if you do not pay or make payment arrangements, we will proceed as necessary"; (c) on behalf of Aberdeen Ventures d/b/a Immediate Care Center, (d) which letter was sent at any time from August 18, 2019 through and including September 8, 2020.

3.   For settlement purposes only, the Court preliminarily appoints the named-Plaintiff, Beth Hollins, as the Class representative and finds that she meets the requirements of Federal Rule of Civil Procedure 23. The Court also preliminarily appoints counsel for Plaintiff, Edelman, Combs, Latturner & Goodwin, LLC, as Class Counsel.

4.   If for any reason the proposed settlement agreement ultimately does not become effective, the parties will notify the Court and return to their positions in this lawsuit as those positions existed right before the parties executed the proposed stipulation. Nothing stated in the

Proposed Class Settlement Agreement or in this Order shall be considered an admission or waiver of any kind by any of the parties or used as evidence against, or over the objection of, any party for any purpose in this litigation or in any other action or proceeding of any kind.

5.  After reviewing the Manner of Notice to the Class and the Proposed Claim Form (Exhibit 1, DE 39-1), the Court APPROVES the proposed notice and claim form (<u>except with respect to revisions ordered below)</u> and DIRECTS that:

a.  The notice of hearing form must be substantially similar to the form provided and approved here (Exhibit 1, DE 39-1), <u>EXCEPT the revisions below are ORDERED to be made:</u>

- **In order to clarify the effect of remaining in the class, paragraph 9 should be amended to and read in its entirety as follows:**
  If you are a member of the class, you designate the class representative as your agent to make decisions on your behalf concerning the litigation, the method and manner of conducting the litigation, the entering of an agreement with plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit. If you are a member of this class, you are giving the class representative and class counsel the authority to negotiate and accept a settlement of your claims in this matter, subject to objections and the Court's final approval. These decisions and agreements made and entered into by the representative plaintiff will be binding on you if you are a member of this class. If you desire, you may also retain a lawyer of your choice and have that lawyer enter an appearance in this case, at your own cost. For a complete statement of all the contentions, proceedings, and settlement terms in this case, you should consult the filings regarding this lawsuit, which are available for your inspection at the Clerk of the United States District Court for the Northern District of Indiana, Hammond Division, 5400 Federal Plaza, Hammond, Indiana 46320. You may also contact the Clerk's office at (219) 852-6500.

- **In order to clarify when objections must be submitted, paragraph 17 should be amended to and read in its entirety as follows:**
  If you are a Class Member, you can object to the settlement. In order to object to the settlement or any part of the settlement, you must send a letter stating that you object and the reasons why you think the Court should not approve the settlement. These objections must be filed by October 9, 2023. You must include the case name and number, which is Beth Hollins v. Church Church Hittle + Antrim, et al., Case No. 20-cv-304-JD-APR

(N.D. Ind.). You must also include your name, address, and telephone number. You must include the factual and legal grounds for the objection and documents, if any, to support the objection. If you are objecting to the settlement, you may also appear at the Final Approval Hearing. **The Court notes that the table provided in paragraph 17 should still be included in the notice form.**

- **In order to clarify where the Final Approval Hearing is being held, paragraph 18 of the proposed notice shall be amended to and read in its entirety as follows:**
    The Court will hold a Final Approval Hearing before the Honorable Jon E. DeGuilio on December 6, 2023 at 10:30 a.m. in the Fourth-Floor courtroom of the United States District Court for the Northern District of Indiana, Hammond Division, 5400 Federal Plaza, Hammond, Indiana 46320. The purpose of the hearing will be for the Court to determine whether the proposed settlement is fair, reasonable, and adequate, and in the best interests of the class, and to determine the appropriate amount of compensation for the Class Representative and Class Counsel. At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the proposed settlement.

- **At the end of the notice, the following language must be added:**
    This notice has been authorized by the United States District Court for the Northern District of Indiana. **The Court has taken no position in this case regarding the merits of the claims or the proposed settlement.**

- **The deadlines below must be included in the Notice:**

    Pages 1, 2, and 4:  Claim Forms must be submitted by **Monday, October 9, 2023.**

    Page 1, 2, and 3:  Exclusion Request must be submitted by **Monday, October 9, 2023.**

    Pages 1 and 3:  Objections to be submitted by **Monday, October 9, 2023**. Additionally, any other counsels retained by Class Members should enter appearances by **Monday October 9, 2023.**

    **The date of the Final Approval Hearing as set forth at the end of this Order shall be included in the Notice in the space provided on page 1 and page 3 of the Notice.**

6. With the above revisions, the Court approves the parties' proposed class notice

and claim form and directs they be mailed to the last known address of the Class Members reflected in the Defendants' records within 30 days of entry of this Preliminary Approval Order. The settlement administrator, Class-Settlement.com, shall distribute the notice and claim form by letter via First Class U.S. Mail. Each notice must be sent with a request for forwarding addresses. Before mailing the notice required by this paragraph, the settlement administrator will obtain updated addresses for the Class Members through the National Change of Address ("NCOA") database. If a notice is returned as undeliverable and a forwarding address is provided, the settlement administrator shall forward any such returned notice to the address provided within four days of receipt. If a notice is returned as undeliverable and a forwarding address is not provided, the settlement administrator will seek to ascertain the Class Member's current address using skip-tracing. If the settlement administrator finds through skip-tracing that the Class Member has a different address, the settlement administrator will send the notice to that address.

7.     The Court finds and determines that the notice of hearing given to Class Members in accordance with paragraphs 5–6 constitutes the best notice practicable under the circumstances, constitutes due and sufficient notice of the matters set forth to all persons entitled to receive notice, and satisfies the requirements of due process and of Rule 23 of the Federal Rules of Civil Procedure.

8.     Class Members have until October 9, 2023, to submit a claim, request to be excluded, or object to the Agreement. A request for exclusion must be in writing and state that "I hereby wish to exclude myself from the settlement in Beth Hollins v. Church Church Hittle + Antrim, et al., Case No. 20-cv-304-JD-APR (N.D. Ind.)." The request must also include the name, address, phone number, and signature of the person(s) or entity seeking exclusion. The request must be mailed to the settlement administrator at the address provided in the class notice.

A request for exclusion that does not include all of the information above, that is sent to an address other than the one designated in the class notice, or that is not postmarked by the time specified will be invalid and the person(s) serving such request will remain a class member and will be bound as a class member by the Agreement, if approved. The settlement administrator will forward copies of all requests for exclusion to counsel for the parties no later than seven days after the deadline for Class Members to submit such requests.

9.      <u>Within 14 days after the requests for exclusions are due</u>, the settlement administrator or class counsel must file with the Court a notice of the exclusions, listing the names of all persons who timely excluded themselves from the Settlement Class by submitting their requests for exclusions, in accordance with paragraph 8.

10.      <u>At least 30 days before the Final Approval Hearing</u>, Class Counsel must file a fee petition requesting an award of attorneys' fees and costs no greater than $14,000.00.

11.      <u>At least 30 days before the Final Approval Hearing</u>, Defendants must file a notice that it has complied with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. §1715(b).

12.      <u>At least 30 days before the Final Approval Hearing</u>, Defendants, through a settlement administrator, must file with this Court and serve a declaration certifying that notice and the claim form has been mailed as directed in this Order.

13.      <u>At least 30 days before the Final Approval Hearing</u>, the parties are to request Final Approval of the Settlement and jointly file a memorandum of points and authorities in support of the motion.

14.      The settlement administrator is Class-Settlement.com

15.     Any Class Member who does not timely opt out of the Agreement may appear at the final approval hearing to argue that the proposed Agreement should not be approved. All written objection papers must be mailed to the Clerk of the Court, as explained in the notice, served on Counsel for the parties, and postmarked no later than October 9, 2023. For an objection to be valid, it must be in writing and must contain the following:

> i. the objecting Class Member's name address, and phone number;
>
> ii. the name and number of the case: Beth Hollins v. Church Church Hittle + Antrim, et al., Case No. 20-cv-304-JD-APR (N.D. Ind.);
>
> iii. the factual basis or legal grounds for the objection; and
>
> iv. documents, if any, to support the objection.

If necessary or desired, the parties may respond to any objections seven days before the final approval hearing. There will be no replies from objectors

16.     A hearing will be held before The Honorable Jon E. DeGuilio, United States District Judge, in his Fourth-Floor courtroom of the United States District Court for the Northern District of Indiana, Hammond Division, 5400 Federal Plaza, Hammond, Indiana 46320, on December 6, 2023 at 10:30 a.m. (C.S.T.) ("Final Approval Hearing"), to determine whether the Proposed Stipulation should be approved as fair, reasonable, adequate, and in the best interests of the Class.

17.     The Court reserves the right to adjourn or continue the Final Approval Hearing, and any adjournment or continuance may be without further notice of any kind other than oral announcement at the Final Approval Hearing or at any later hearing.

SO ORDERED.

ENTERED: July 7, 2023

_____/s/ JON E. DEGUILIO_____
Chief Judge
United States District Court