UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

BETH HOLLINS,
on behalf of Plaintiff and a class.
     Plaintiff,

     v.

CHURCH CHURCH HITTLE + ANTRIM,
et al.,

     Defendants.

Case No. 2:20-CV-304 JD

**OPINION AND ORDER**

Plaintiff Beth Hollins sued Defendants Church Church Hittle + Antrim and Elizabeth

Barnes on behalf of herself and on behalf of a putative class. The Complaint alleged that

Defendants attempted to collect a $81.52 medical debt incurred by Plaintiff and, in the process,

violated the Fair Debt Collection Practices Act ("FDCPA"), which prohibits debt collectors from

using "any false, deceptive, or misleading representation or means in connection with the

collection of any debt." 15 U.S.C. § 1692e. The parties jointly request that the Court give final

approval to the Class Action Settlement Agreement which had already been preliminarily

approved. Finding that the Agreement is fair, reasonable, and adequate the Court will approve it.

Additionally, the Court will approve the attorney's fees and costs.

#### A. Procedural and Factual Background

On July 7, 2023, this Court entered an order granting preliminary approval of the

settlement between Plaintiff and Defendants.[1] (DE 41.) The Court approved a form of notice for mailing to the class and set a date for the final approval hearing. The Court held the hearing on December 6, 2023, to which class members, including any with objections, were invited and given the opportunity to be heard. No class members objected or requested exclusion from the proposed settlement, and no persons appeared in Court seeking to address the proposed settlement. Likewise, no government entity has objected to the proposed settlement.

At the hearing, the parties informed the Court that notice and claim forms were sent by first class mail to 1,690 Class Members by Class-Settlement.com, settlement administrator. There were 196 mailed notices that were returned as undeliverable. Of the 196 returned notices, 33 contained forwarding address information or the settlement administrator was able to locate a new address using skip-tracing, and those notices were successfully remailed. There remained a total of 163 notices where forwarding address information was not ascertainable despite the administrator's best efforts. In sum, notice was successfully sent by U.S. Mail to 1,527 of the 1,690 settlement class members (90%).

Class-Settlement.com also provided a website, which supplied information such as deadlines to submit claims, opt outs and objections, as well as the date, location and other details. As of October 9, 2023, the settlement administrator received 66 valid and timely claim forms. There were 4 valid claims that were submitted after the October 9, 2023, claim form deadline The parties request that the Court approve the inclusion of the 4 late claim forms so that those individuals will receive a portion of the Class Recovery along with the timely claimants. The Court will approve this request and will consider the 4 late claims along with those who returned the forms on time. Accordingly, there are a total of 70 claimants.

---

[1] Because the facts are set out in detail in that order, they will not be repeated here.

### B.  Legal Standard

Federal Rule of Civil Procedure 23(e) provides that the claims of a class proposed to be certified for purposes of settlement may be settled only with the court's approval. Ultimately, the Court may approve a proposed settlement if the Court determines it is fair, reasonable, and adequate. *Kaufman v. Am. Express Travel Related Servs. Co., Inc.*, 877 F.3d 276, 283 (7th Cir. 2017). Ensuring that a settlement is fair, reasonable, and adequate helps address the concern "for the unnamed class members whose interests the named plaintiffs represent and the settlement is meant to serve." *In re Subway Footlong Sandwich Mktg. & Sales Pracs. Litig.*, 869 F.3d 551, 556 (7th Cir. 2017). This inquiry is also meant to check the "tendency of class settlements to yield benefits for stakeholders *other than* the class." *Id.*

### C.  Discussion

Rule 23 of the Federal Rules of Civil Procedure governs the certification of class actions in federal court. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 345 (2011). Rule 23(a) ensures that the named plaintiffs are appropriate representatives of the class whose claims they wish to litigate. *Id.* at 349. Rule 23(a)'s four requirements—numerosity, commonality, typicality, and adequacy—effectively limit the class claims to those fairly encompassed by the named plaintiff's claims. *Id*. (citations and internal quotations omitted).

If all these prerequisites are met, a court must also find that at least one of the subsections of Rule 23(b) is satisfied. In this case, Plaintiff seeks class certification under Rule 23(b)(3). "When certification is sought under Rule 23(b)(3) . . . proponents of the class must also show: (1) that the questions of law or fact common to the members of the proposed class predominate

3

over questions affecting only individual class members; and (2) that a class action is superior to other available methods of resolving the controversy." *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 811 (7th Cir. 2012).

As the Court explained in its preliminary approval of the settlement, the elements of numerosity, commonality, typicality, and adequacy of representation are satisfied in this case. In addition, the proposed class satisfies the requirements of Rule 23(b)(3) because (1) common questions of law or fact predominate over individual questions and (2) a class action represents a superior method for the fair and efficient adjudication of the controversy. The claims at issue address the alleged practice of Defendants sending collection letters that threatened or implied a lawsuit would be filed without the intention to file a lawsuit, and there are no individual issues and common questions that predominate. A class action presents a superior method to fairly and efficiently adjudicate all claims of the Settlement Class in this case, within the meaning of Rule 23(b)(3). The Settlement Agreement provides Class Members the opportunity to obtain a recovery for violation of the FDCPA without the filing of numerous identical lawsuits.

### D.  Approval of the Settlement

When considering whether approval of a class action settlement should be granted, the Court must consider: (1) the strength of the plaintiffs' case on the merits compared to the amount of the defendants' settlement offer, (2) an assessment of the likely complexity, length and expense of the litigation, (3) an evaluation of the amount of opposition to the settlement among affected parties, (4) the opinion of competent counsel, and (5) the stage of the proceedings and the amount of discovery completed at the time of settlement. *Synfuel Techs., Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 653 (7th Cir. 2006).

"The most important factor relevant to the fairness of a class action settlement is the strength of plaintiff's case on the merits balanced against the amount offered in the settlement." *Wong*, 773 F.3d at 864 (quotation marks and citations omitted). When analyzing the strength of a plaintiff's case, the Court "should 'estimat[e] the range of possible outcomes and ascrib[e] a probability to each point in the range.'" *Synfuel Techs.*, 463 F.3d at 653 (quoting *Reynolds v. Beneficial Nat. Bank*, 288 F.3d 277, 285 (7th Cir. 2002)). While "'a high degree of precision cannot be expected in valuing a litigation,' the court should nevertheless 'insist that the parties present evidence that would enable possible outcomes to be estimated,' so that the court can at least come up with a 'ballpark valuation.'" *Id.* at 653 (quoting *Reynolds,* 288 F.3d at 285). Ultimately, the Court should quantify "'the net expected value of continued litigation to the class.'" *Id.* (quoting *Reynolds,* 288 F.3d at 284–85).

As to the first factor, the amount offered supports the settlement being fair, reasonable, and adequate. The Plaintiff's case does appear somewhat strong. A debt collector threatening legal action which it has no intention to pursue is clearly conduct prohibited by the FDCPA. *Cuenca v. Harris & Harris, Ltd*., No. 16-CV-05385, 2017 WL 1196922, at *2 (N.D. Ill. Mar. 31, 2017) ("[A] statement that implies a debt holder will take an action it has no intention of taking violates the FDCPA."); *see Jenkins v. Union Corp*., 999 F. Supp. 1120, 1136 (N.D. Ill. 1998) ("The FDCPA [in section 1692e(5) is] aimed at preventing empty threats of litigation as a means of scaring the debtor into payment."). The letters sent to Hollins included threats of litigation, such as "unless you send payment in full as indicated above or make appropriate arrangements to pay this debt in a timely fashion . . . we may file suit against you." (Exhibit A, DE 1-1.) Given the small debt owed by Hollins, $81.52, it also seems somewhat likely that that Church Church Hill + Antrim did not intend to file suit against her.

5

However, even though the case may be somewhat strong, the Defendants' limited financial resources weigh in favor of the settlement being fair, reasonable, and adequate. Defendants have a limited net worth and protracted litigation might risk any recovery at all for the class and thus, it was in the best interest of the class to explore an early resolution. Given the limited financial means of the defendants, the amount offered to the class in the settlement is fair and reasonable. Under the FDCPA, in the case of a class action, the class may recover an amount "not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector[.]" 15 U.S.C. § 1692k(a)(2)(B). Plaintiff's counsel represents that one percent of the Defendants' cumulative net worth is $4,270.15. (DE 45 at 9.) The Class Recovery of $4,000 is therefore around 94% of the maximum recovery for the class. Continued litigation brings inherent risk and certain expense, even in a case that appears strong at the outset. The proposed settlement would alleviate that risk and expense, while also providing the class with an amount close to the statutory maximum allowed. Accordingly, the Court finds that the $4,000 settlement amount, when weighed against the strength of the Plaintiff's case and the defendants' limited financial resources, supports finding that the settlement is fair, reasonable, and adequate.

Plaintiff's counsel have also now demonstrated that the proposed award of attorneys' fees of $14,000 is fair. Under the lodestar method, the court multiplies the reasonable number of hours worked by the reasonable hourly rate of counsel to produce what is called the "lodestar." *Harman v. Lyphomed, Inc.*, 945 F.2d 969, 974 (7th Cir. 1991). The lodestar then may be multiplied to compensate the attorney for the "size [of] the risk the attorney assumed at the outset by taking this type of case." *Id.* Counting solely the attorney time, counsel worked 63.7 hours on the case. (Exhibit G, DE 40-1.) Counsel is requesting attorney's fees in an amount of $14,000.00. Accordingly, based solely on attorney time, Plaintiff's counsel seek an hourly rate of $219.78.

Given the risk assumed, and the experience of the counsel involved, the Court believes that this amount is reasonable and is comparable to awards in other FDCPA cases. *See Collins v. Bowman, Heintz, Boscia & Vician P.C.*, No. 1:10–cv–1629–JMS–TAB, 2012 WL 1142442, at *3 (S.D. Ind. Mar. 8, 2012) (recommending award of $300/hour in FDCPA case in which defendant did not object to it), *report and recommendation adopted,* 2012 WL 1142560 (S.D. Ind. Apr. 4, 2012); *Staples v. Parkview Hosp., Inc.*, No. 1:07–CV–327, 2010 WL 780204 (N.D. Ind. Mar. 3, 2010) (finding a rate of $225/hour "well within the range of hourly rates listed in dozens of attorney fee applications this court has reviewed in recent years"); *Needham v. Innerpac, Inc.*, No. 1:04 CV 393, 2008 WL 5411638, at *4 (N.D. Ind. Dec. 24, 2008) (awarding attorney fees at rates of $240, $250, and $300/hour where the defendant did not challenge the "proposed rates as the prevailing market rates in the Fort Wayne area").

Accordingly, based on the settlement amount and the lodestar, the Court finds that the amount of the settlement supports finding the settlement to be fair, reasonable, and adequate.

The Court also finds that continued litigation would likely be lengthy, complex, and expensive. Furthermore, even if the Settlement Class recovered a judgment at trial in excess of what is provided for in the settlement, post-trial motions and any appellate process would deprive them of any recovery for years, and possibly forever in the event of a reversal.

Other factors also favor a finding that the settlement is fair, reasonable, and adequate. Class counsel is experienced in consumer class action litigation. Given the statutory ceiling on the amount of fees, it is unlikely that further litigation will result in a better recovery for the class.

Also, there is no evidence of any collusion between the parties. Class Counsel are experienced in class action litigation. While the litigation was pending, the parties discussed and

7

assessed the relative strengths and weaknesses of the claims and defenses, and compared the benefits of the proposed settlement to continued litigation. The parties exchanged informal discovery, which included information on the size of the class, net worth of each Defendant, and insurance coverage. Class Counsel have substantial experience in litigating consumer class actions, including FDCPA class actions, and are therefore adequately informed to assess the reasonableness and fairness of the proposed settlement.

The settlement amount, the complexity of the case, the cost of further litigation, class counsel's opinion, and the unlikelihood that further litigation will result in a better outcome for the class, all support a finding that the settlement is fair, reasonable, and adequate. Accordingly, the Court approves the settlement agreement.

### E.  Conclusion

IT IS HEREBY ORDERED THAT:

1.  This Court has jurisdiction over Plaintiff, Defendants, Class Members and the claims asserted in the Litigation.

2.  The Settlement Agreement was entered into in good faith, following arm's length negotiations and is non-collusive.

3.  The Court grants final approval of the Settlement, including but not limited to the releases in the Settlement Agreement, and finds that it is in all respects fair, reasonable, and in the best interest of the Settlement Class. Therefore, all Class Members who have not opted out are bound by this Final Approval Order and the Agreement.

4.  The Court finds that provisions for notice to the class satisfy the requirements of Fed. R. Civ. P. 23 and due process.

5.  The previously certified class is now finally certified for purposes of settlement

pursuant to Fed. R. Civ. P. 23(a) and (b)(3):

> The class consists of (a) all individuals (b) to whom defendant Church Church Hittle + Antrim sent a letter seeking to collect a medical or healthcare debt stating (i)"[W]e may . . . take legal action against you for the collection of the above amount", or (ii) "[W]e may file suit against you" or (iii) "[client] does not wish to file suit against you. However, if you do not pay or make payment arrangements, we will proceed as necessary"; (c) on behalf of Aberdeen Ventures d/b/a Immediate Care Center, (d) which letter was sent at any time from August 18, 2019, through and including September 8, 2020.

6.   The Court finds that certification solely for purposes of settlement is appropriate

under Federal Rule of Civil Procedure 23(a) and (b)(3) in that:

(a) the class is so numerous that joinder of all members is impracticable;

(b) there are questions of law and fact common to the class that predominate over any

questions affecting only individual class members;

(c) Plaintiff's claims are typical of the claims of the class;

(d) Plaintiff will fairly and adequately protect the interests of the class;

(e) Edelman, Combs, Latturner & Goodwin, LLC is adequate class counsel and Beth

Hollins is an adequate class representative; and

(f) a class action is the superior method for the fair and efficient adjudication of this

controversy.

7.   Beth Hollins is designated as a representative of the Class.

8.   Edelman, Combs, Latturner & Goodwin, LLC is appointed as class counsel.

9.   The settlement administrator is Class-Settlement.com.

10. The Class Notice was given to the proper federal and state authorities under the Class

Action Fairness Act (28 U.S.C. §1715) in a timely way.

11. The Class Notice (as described in the Settlement Agreement) previously approved and

directed by the Court constitutes the best notice practicable under the circumstances and

fully satisfied due process, the requirements of Rule 23, and all other applicable laws. The Court has approved the forms of notice to the Class Members. A total of 66 valid and timely claim forms were submitted. The Court allows the 4 late but otherwise valid claims for a total of 70 claims.

12. A full and fair opportunity has been afforded to the class members to opt out, object to, and to participate in the hearing convened to determine whether the settlement should be given final approval. None of the Class Members have requested to opt out of the Settlement.

13. No Class Members have objected to the Settlement.

14. All members of the class who did not timely opt out of the settlement are bound by this Order.

15. Upon entry of this Order Finally Approving the Settlement, Plaintiff and each Class Member shall be deemed to have granted the releases set forth in the Settlement Agreement.

16. The Court orders Defendants to deliver the Class Recovery to the settlement administrator consistent with the terms of the Settlement Agreement.

17. The Court has considered Class Counsel's application for attorney's fees. The Court awards Class Counsel the sum of $14,000 as an award of attorney's fees and costs to be paid within 21 days of the Effective Date, and finds this amount of fees is fair and reasonable.

18. The Court grants Class Counsel's request for an incentive award to the class representative and awards $1,000 to Beth Hollins. The Court finds that this payment is

justified by the Class Representative's service to the Settlement Class. This payment shall be made from the Settlement Fund within 21 days of the Effective Date.

19. The Settlement Administrator shall distribute the Class Recovery to the Class Members in accordance with the provisions of this Order and the parties' Settlement Agreement, within 21 days following the Effective Date as more fully set forth in the Settlement Agreement.

20. The Settlement Administrator shall make the *cy pres* payment to Indiana Legal Services, Inc., 30 days after expiration of the void date on the Class Members' checks.

21. Class Counsel shall file a declaration of final accounting of the settlement as defined in the Agreement by December 3, 2024, along with a motion to dismiss or a status report, if applicable.

22. The settlement provides fair, adequate, and reasonable relief to class members.

23. The parties shall carry out their respective obligations under the Agreement and as ordered herein.


SO ORDERED.

ENTERED: May 3, 2024

                                          _____/s/ JON E. DEGUILIO_____
                                          Chief Judge
                                          United States District Court

11